UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-23323-CIV-GOODMAN

[CONSENT CASE]

SARAH DOE,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES,
LTD., a Liberian Corporation,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

This Cause is before the Court on Defendant Royal Caribbean Cruises Ltd.'s motion to dismiss Plaintiff Sarah Doe's Amended Complaint (DE 9) for failure to state a claim upon which relief can be granted. The Court reviewed the two-count amended complaint and the associated briefing. The Court will **deny** the motion as to count one and **grant** it as to count two.

## BACKGROUND

This is a negligence action arising under the Court's maritime jurisdiction. For purposes of this motion, the Court accepts all the plaintiff's well-pleaded factual allegations as true. According to the amended complaint, the plaintiff was a fare-paying passenger aboard the defendant's cruise ship *M/S Oasis of the Seas*. After midnight on December 4, 2010, the plaintiff was raped in the starboard forward ladies room on deck 16. The rapist was a male passenger from the Netherlands whom the plaintiff had just met at "The Blaze" lounge on the ship earlier that night. The plaintiff originally went to

The Blaze with her family, where she purchased alcoholic beverages "in a sufficient quantity to intoxicate her." But at some point, her family returned to their cabins and the plaintiff remained to dance with the male passenger.

The plaintiff finally left The Blaze at a quarter to one in the morning in order to find a bathroom. Her assailant followed her and made multiple attempts to force her into a men's room, all of which were rebuffed. Eventually, the plaintiff entered a ladies room, but her assailant followed her in and raped her. The plaintiff alleges that defendant's crewmembers saw the perpetrator make physical sexual overtures to the plaintiff in the common areas of the vessel and then repeatedly attempt *to get the plaintiff into a men's room* (and then into a ladies' room) in different locations aboard the vessel.

In this action, the plaintiff has sued only Royal Caribbean Cruises for negligence; she has not sued the man who attacked her.

The plaintiff alleges that the series of events just described was captured on the ship's video surveillance system. She further alleges that by installing surveillance cameras, the defendant affirmatively undertook a duty to assign sufficient personnel to continuously monitor the video cameras and that the defendant breached that duty by failing to assign sufficient trained staff to adequately monitor the cameras in this instance. The plaintiff also alleges that the defendant should have warned her about the risks of crime by third parties on the cruise, and specifically of sexual battery, because another passenger was sexually assaulted two weeks earlier on the same ship. The plaintiff further alleges that the defendant did not exercise reasonable care in over-serving her alcohol.

2

The defendant moves to dismiss the amended complaint for failure to state a cause of action upon which relief can be granted because the complaint does not allege a breach of duty under the applicable standard of care. The defendant argues that the plaintiff's claim rests on the notion that it had a duty to prevent a third party criminal act but, as a ship owner, the defendant's duty was limited to exercising reasonable care under the circumstances. Specifically, the defendant argues that the plaintiff's theory of liability is based on the defendant's purported duty to continually monitor the ship's video cameras. The plaintiff responds that the security measures that the defendant was required to take is a question of fact for the jury and should not be decided on a motion to dismiss.

The defendant also moves to dismiss count two, which is a prayer for punitive damages based on "willful and wanton misconduct." The plaintiff acknowledges that the punitive damages claim is not a freestanding cause of action and arises out of the same facts as alleged in count one's negligence claim.

## STANDARD FOR MOTION TO DISMISS

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Under the "plausibility" standard announced by the Supreme Court in *Twombly*, the facts pled in the complaint must "raise a reasonable expectation that discovery will reveal evidence" corroborating the plaintiff's claim. 550 U.S. at 556. When the plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570.

"As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996). Finally, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## ANALYSIS

The Court must first determine whether the plaintiff's amended complaint states a claim for negligence against the defendant. Federal maritime law governs this action. *See Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990).

The Supreme Court has held that "the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). "A carrier by sea, however, is not liable to passengers as an insurer, but only for its [own] negligence." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (citing *Kermarec*, 358 U.S. at 632; *Liverpool & Great W. Steam Co. v. Phenix Ins. Co.*, 129 U.S. 397, 440 (1889)).

"Where an attack on a passenger is carried out by a non-crewmember, such as a criminal intruder or a fellow passenger, courts apply the standard of ordinary care under the circumstances to determine whether the cruise line should be held liable." 10 NATHANIEL G. W. PIEPER, CRUISE SHIP LAW § 5.05 (Matthew Bender 2010). Under this standard, "a party may be liable in negligence for intervening criminal acts if the acts are foreseeable." *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985) (citing *Bullock v. Tamiami Trail Tours, Inc.*, 266 F.2d 326 (5th Cir. 1959)); *see also* Restatement (Second) of Torts § 442B cmt. c. ("tortious or criminal acts may in themselves be foreseeable, and so within the scope of the created risk [by the actor's negligence], in which case the actor may still be liable for the harm . . . . But if they are not, the actor is relieved of responsibility by the intervention of the third person").

The defendant principally relies on *Mizener v. Carnival Corp.*, No 05-22965, 2006 U.S. Dist. LEXIS 44332 (S.D. Fla. July 16, 2006), where the district court dismissed a negligence action against a cruise ship after rejecting the plaintiff's underlying theory that the ship had a duty to properly monitor its video cameras. The plaintiff in *Mizener* sued after his decedent spouse disappeared from the vessel while on navigable waters, and he claimed that proper surveillance could have prevented the death. Because the plaintiff did not allege that the ship advertised surveillance cameras as a security device, or that passengers actually relied upon the cameras, the district court declined to impose any duty to monitor the cameras. The district court noted the absence of any authority that the mere installation of cameras triggers a duty to monitor the cameras for the safety and security of the passengers and further found that imposing

5

such a duty would significantly expand the duty of care heretofore required by cruise lines and other businesses.

The defendant argues that the mere installation of video cameras does not impose a duty on the cruise line to continuously monitor them for the passengers' safety. First, the defendant notes that there are many reasons for installing a video camera other than assuming a duty to monitor passengers' safety. Second, the defendant contends that imposing this duty would be tantamount to finding that the cruise line is an insurer of its passengers' safety because the cruise line would presumably be required to continuously monitor the ship's passengers to prevent all manner of injury.

The plaintiff attempts to distinguish *Mizener* because here, unlike in *Mizener*, the amended complaint alleges that the cameras were operable and were continuously monitored but that the employees watching the cameras were not paying attention or were not properly trained to react to what they were seeing. Here, unlike in *Mizener*, the plaintiff also alleges that she was "generally aware of" and relied on the fact that she would be continually monitored while onboard the vessel. The plaintiff further argues that she has alleged other plausible negligence scenarios that do not rely on the defendant's purported duty to monitor the video cameras.

The defendant's arguments are not without force, and the Court agrees that the mere installation of video cameras does not create a duty to monitor them. The Court also agrees that the applicable duty of care is the one stated by the Supreme Court in *Kermarec* -- to exercise reasonable care under the circumstances -- and that the case law does not support the heightened duty argument advanced by the plaintiff. Nevertheless,

the plaintiff makes several allegations that distinguish this case from *Mizener* and preclude the entry of an order dismissing the case on the pleadings.

First, the plaintiff specifically alleges that she relied upon the fact that she would be continuously monitored during the cruise. In granting the motion to dismiss, *Mizener* noted the absence of any reliance allegation. The plaintiff's alleged reliance here is a factual circumstance, not a legal conclusion, which the Court must accept as true. Whether the plaintiff did in fact rely on the presence of surveillance cameras, and whether that reliance was reasonable in view of the defendant's actions, are not questions that can be resolved on a motion to dismiss under Rule 12(b)(6).

Second, the plaintiff alleges that the ship's personnel *actually saw her* staggering through the vessel in a state of obvious intoxication and repeatedly rebuffing attempts by her assailant to get her to enter the men's bathroom. It may well be that passengers often become intoxicated on cruise ships and that, in context, this series of events was insufficient to reasonably put the defendant on notice that the plaintiff was in serious danger. But the allegations are "enough to raise [the plaintiff's] right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *cf. id.* at 556 ("a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely'") (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Drawing *all* reasonable inferences in favor of the plaintiff, the Court must conclude that the plaintiff alleges that what the defendant *actually observed* could plausibly put a reasonable defendant on notice of the impending danger to the plaintiff.

Third, in *Hall v. Royal Caribbean Cruises, Ltd.*, 888 So. 2d 654 (Fla. 3d DCA 2004), the Third DCA held that the plaintiff could sue the vessel owner after employees

7

on the ship served him alcohol past the point of intoxication and he fell down two flights of stairs.  Although there does not appear to be any Eleventh Circuit cases recognizing this theory of liability, apparently there are no cases that foreclose it, either.  Here, the plaintiff alleges that the defendant served her alcohol in sufficient quantity to intoxicate her.  This behavior may have been negligent.

If the plaintiff proceeds under this theory, her principle difficulty may lie not in showing that the defendant was negligent, but in proving that her injury was a foreseeable result of the defendant's negligence.  *See* Restatement (Second) of Torts § 422B & cmt. c.  In *Hall*, the plaintiff became drunk and fell down two flights of stairs.  Here, however, the plaintiff does not indicate how her state of intoxication *caused* her eventual attack.  In fact, the allegations tend to show that, *despite her state of intoxication*, she repeatedly rebuffed her assailant's sexual overtures.[1]

Ultimately, however, the plaintiff is correct that when the defendant's liability hinges on the question of foreseeability, such question is ordinarily considered a question of fact that cannot be decided on a motion to dismiss.  *Cf. Carlisle*, 475 So. 2d at 251 ("the issue of foreseeability is ordinarily a jury question where there is sufficient evidence of foreseeability to preclude a determination of the issue as a matter of law."). *Compare Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309 (11th Cir. 2003) (plaintiff's injury embarking ship was foreseeable) *and Carlisle*, 475 So. 2d at 248 (attack on plaintiffs was foreseeable when they traveled to a beach known for criminal activity) *with Colavito v. Gonzales*, 1983 AMC 1378 (S.D. Tex. Feb. 25, 1981) (cruise line was not

---

[1] In a suggestive footnote, the court in *Hall* also noted that comparative negligence would be a viable defense for the vessel.  *Hall*, 888 So. 2d at 655 n.2.

negligent because it could not have anticipated the assault and battery committed against the plaintiff by another passenger).

It is axiomatic that a plaintiff is not required to allege evidence in order to comply with Rule 8(a)'s liberal pleading standard. *See, e.g.*, *Meyer v. Village of Carpentersville*, No. 93 C 7429, 1994 U.S. Dist. LEXIS 3257, at *4 (N.D. Ill. Mar. 18, 1994). The Court has concluded that once all reasonable inferences are drawn in favor of the plaintiff, the facts alleged in the amended complaint make it is at least *plausible* that the defendant was negligent. Obviously, this is not a typical maritime negligence case because the plaintiff seeks to hold the defendant liable for the tortious activity of a third party. In order to succeed, the plaintiff will ultimately need to introduce sufficient, competent evidence to meet her burden of proving each element of a negligence claim, including duty, breach, and causation (i.e., reasonable foreseeability).

Lastly, the defendant also moves to dismiss count two because a claim for punitive damages is not a freestanding cause of action. The plaintiff acknowledges that count two is *not* a stand-alone cause of action but arises out of the negligence claim. As it stands, however, the pleading is defective. The plaintiff must re-plead punitive damages as a *remedy* (rather than a separate cause of action). *See Moretta v. Miami-Dade Cnty.*, No. 06-20467, 2007 U.S. Dist. LEXIS 21360, at *35-36 (S.D. Fla. Jan. 23, 2007).

## **CONCLUSION**

Royal Caribbean's motion to dismiss is **granted in part** and count II is **dismissed**. The plaintiff may file a second amended complaint by **January 4, 2012.**

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 21st day of December, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record