UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-23323-CIV-GOODMAN

**[CONSENT CASE]**

SARAH DOE,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES,
LTD., a Liberian Corporation,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE

This Cause is before the Court on Defendant Royal Caribbean Cruises Ltd.'s motion to dismiss or to strike Plaintiff Sarah Doe's Second Amended Complaint and to strike other portions of the complaint (DE 20). The Court reviewed the second amended complaint and the associated briefing. The motion is **granted in part and denied in part** for the reasons outlined below.

**I.    BACKGROUND**

This is a negligence action arising under the Court's maritime jurisdiction. The relevant factual allegations were outlined an earlier order. *See Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23323, 2011 U.S. Dist. LEXIS 146855 (S.D. Fla. Dec. 21, 2011) (grating in part and denying in part motion to dismiss amended complaint). In brief, the plaintiff was allegedly raped while on board the defendant's vessel and seeks to hold the defendant liable under a negligence theory.

In its previous order, the Court agreed with the defendant that it did not have a general duty to continuously monitor its surveillance cameras in favor of its passengers' safety but nevertheless found that the complaint for negligence could proceed on several theories.

First, the Court found that the plaintiff's allegation that she relied upon the fact that she would be continuously monitored during the cruise was sufficient to withstand a motion to dismiss. The Court found that it must accept this allegation as true at the pleadings stage of the litigation and leave for a later day the question of whether the defendant's conduct reasonably induced the plaintiff's reliance.

Second, the Court found that the plaintiff's allegation that ship personnel actually saw her staggering through the vessel in an intoxicated state with her assailant raised a reasonable inference that her attack *may* have been foreseeable. Third, the Court found that the plaintiff could sue the vessel for over-serving her alcoholic beverages under the authority of *Hall v. Royal Caribbean Cruises, Ltd.*, 888 So. 2d 654 (Fla. 3d DCA 2004). Although *Hall* is not binding on the Court in an action arising under federal maritime law, the Court found that no binding authority foreclosed this theory of liability, either. The Court agreed with the defendant that the amended complaint raised substantial issues of proof and foreseeability but found that at the pleadings stage, where all well-pleaded factual allegations must be credited, the complaint was sufficient to survive a motion to dismiss for failure to state a claim.

Finally, the Court found that punitive damages could not be pled as a separate cause of action and ordered the plaintiff to re-plead punitive damages as a *remedy*. The plaintiff filed her second amended complaint (hereinafter "the complaint") on January 4,

2012. The defendant now moves to dismiss or to strike the claim for punitive damages and to strike the allegations in paragraphs 13, 14, 15, 16, 17, 33, 36, 40(A), 40(B), and 40(C).

## II.     PLAINTIFF'S PUNITIVE DAMAGES DEMAND

### A.     Construction of Motion

The defendant moves to dismiss or to strike the plaintiff's "claim" for punitive damages. In reality, the plaintiff does not have a "claim" for punitive damages. The plaintiff's "claim" is for negligence; punitive damages is merely one form of *relief* that the plaintiff may be entitled to if she prevails on her claim.

> While a plaintiff is charged with a duty of giving a short and plain statement of the asserted claims and a demand for judgment and relief, Fed. R. Civ. P. 8, the test of a complaint pursuant to a motion to dismiss lies in the claim, not in the demand. Thus, the only issue on a motion dismiss is whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded.

*Cassidy v. Millers Cas. Ins. Co.*, 1 F. Supp. 2d 1200, 1214 (D. Colo. 1998); *see also Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir. 1946) ("a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to *any relief* which the court can grant." (quoting *Keiser v. Walsh*, 118 F.2d 13, 14 (D.C. Cir. 1941))) (emphasis added);

The Court has already found that the claim states a valid cause of action for negligence under federal maritime law. The inquiry here is therefore limited to two questions: (1) whether the plaintiff's demand for punitive damages is "redundant, immaterial, impertinent or scandalous" -- the standard for striking any portion of a pleading under Federal Rule of Civil Procedure 12(f) -- and (2) whether the allegations

3

are substantively sufficient to support a demand for punitive damages (assuming that such damages are available under federal maritime law).

At the outset, the Court notes, as it has before, that motions to strike "are viewed with disfavor and are infrequently granted because the arguments raised therein can typically be presented more concisely and efficiently in other contexts." *Joseph v. Napolitano*, No. 11-21468, 2012 U.S. Dist. LEXIS 10741, at *1 (S.D. Fla. Jan. 30, 2012) (Goodman, J.); *see also White v. De La Osa*, No. 07-23381, 2011 U.S. Dist. LEXIS 46580 at *5, 8 (S.D. Fla. Apr. 25, 2011) (Goodman, J.). A district court's determination of a motion to strike is a matter of discretion. *See Galactic Towing, Inc. v. City of Miami Beach*, 341 F.3d 1249, 1253 (11th Cir. 2003); *United States v. Schlei,* 122 F.3d 944, 976 (11th Cir. 1997).

### B.     Availability of Punitive Damages in Maritime Personal Injury Actions

The state of the law on the availability of punitive damages for personal injury in maritime cases has been in flux in recent years. In 1997, the Eleventh Circuit found that non-pecuniary damages were not available for maritime personal injury actions. The Court reasoned that

> there [is] no need to look to state law for remedies in the case of non-seamen injured in state territorial waters . . . . Unless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing. We are aware of no decision in the Supreme Court or in any of the circuit courts which has authorized punitive damages in a personal injury case.
>
> In *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir.1993), we looked disfavorably on the availability of nonpecuniary

4

> damages under the general maritime law. Specifically, we held that "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." *Id.*
>
> Today, we expressly extend our holding in *Lollie* to preclude the availability of punitive damages in personal injury actions brought under the general maritime law.

*In re Amtrack "Sunset Limited" Train Crash in Bayou Canot, Alabama, on September 22, 1993*, 121 F.3d 1421, 1429 (11th Cir. 1997). Based on *Amtrack*, courts in this district held that punitive damages were precluded in maritime actions for personal injury except upon a showing of intentional wrongdoing. *See, e.g.*, *Baker v. Carnival Corp.*, No. 06-21527, 2006 U.S. Dist. LEXIS 88249, at *14-15 (S.D. Fla. Dec. 6, 2006).

Then, in 2009, the Supreme Court decided *Atlantic Sounding Co., Inc. v. Townsend*, 129 S. Ct. 2561 (2009). In *Atlantic Sounding*, the Supreme Court held that an injured seaman *could* recover punitive damages for his employer's willful failure to pay maintenance and cure. Thus, *Atlantic Sounding*'s holding was that punitive damages are available in an action for maintenance and cure. But, as one court in this district has already recognized, the broad reasoning employed by the majority undermined the Eleventh Circuit's holing in *Amtrak* by reversing its assumptions about punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011) (finding that *Amtrak* in no longer good law after *Atlantic Sounding*).

The Eleventh Circuit's position in *Amtrak* was based on the view that personal injury plaintiffs in maritime actions did not enjoy traditional common law remedies. *In re Amtrak*, 121 F.3d at 1429 ("until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for . . . punitive damages"). But *Atlantic Sounding* clarified that

5

neither the Jones Act, nor the Supreme Court's own precedents, were intended to supplant remedies that were previously available at common law. In fact, the Supreme Court adopted the *opposite* assumption than that of the Eleventh Circuit in *Amtrak* and stated the general rule that punitive damages available at common law historically "extended to claims arising under federal maritime law." *Atlantic Sounding*, 129 S. Ct. at 2567. The Supreme Court commented: "Not only have our decisions repeatedly observed that the Jones Act preserves common-law causes of action such as maintenance and cure, but our case law also supports the view that punitive damages awards, in particular, remain available in maintenance and cure actions after the Act's passage." *Atlantic Sounding Co.*, 129 S. Ct. at 2571. The Court further reasoned that Congress was aware of the existing law that permitted punitive damages in maritime actions when it enacted the Jones Act in 1920 and that Congress did not intend to supplant or replace common law remedies in maritime actions. *Id.* at 2573.

Consequently, the exceedingly narrow standard for punitive damages annunciated in *Amtrak* and *Baker* is no longer viable in view of the broad reasoning in *Atlantic Sounding* that, as a rule, common law remedies extend to federal maritime actions. Following *Atlantic Sounding*, punitive damages are therefore available in a maritime personal injury action, as at common law, for "wanton, willful, or outrageous conduct." *Id.* at 2566; *see also Lobegeiger*, 2011 WL 3703329, at *7. The plaintiff is no longer required to prove intentional misconduct.

### C. Pleading Requirements for Punitive Damages

The above discussion illustrates that punitive damages are generally *available* in personal injury actions arising under the Court's maritime jurisdiction when the

defendant engaged in wanton, willful or outrageous conduct -- the level of culpable conduct necessary to obtain punitive damages at common law.  But it does not resolve the question of what underlying facts that plaintiff must actually allege in order to sustain this remedy at the pleading stage of the litigation.

Here, the complaint alleges that the defendant acted in a willful, wanton and reckless manner.  The defendant argues, however, that this blanket allegation is insufficient to sustain a prayer for punitive damages.  The defendant argues that the conduct alleged in the complaint does not sufficiently rise to the level of culpability necessary to obtain punitive damages.  The plaintiff, meanwhile, bases her punitive damages argument on her allegations that the defendant's advertising and marketing practices constituted reckless behavior because the defendant did not disclose to passengers pertinent information about the risks of crime aboard the its cruises.  The defendant responds that this conduct is insufficient to give rise to punitive damages and that the plaintiff has not cited to an analogous cases in which punitive damages were awarded against a cruise line on this theory.

The Court previously found that the complaint could proceed because the facts alleged were sufficient to give rise to a claim for negligence under multiple scenarios. The Court did not address the plaintiff's claim that the defendant's advertising and marketing practices in themselves constituted negligence.  It was not necessary to do so because the Court had already found that the complaint stated viable claims under other negligence theories that were more clearly supported by the case law.

After independently researching the law on pleading punitive damages, the Court finds that at this point (the pleading stage of the litigation) it would be improper to strike

the prayer for punitive damages from the complaint, but advises the plaintiff to carefully consider whether its advertising and marketing theory is a proper basis for negligence under existing maritime law.  *Cf. Baker*, 2006 U.S. Dist. LEXIS 88249, at *10-11 ("Since Baker's first theory of negligence is sufficient to state a cause of action, the Court will not rule on this alternative theory of negligence. . . . [But the Court] advises Baker that going forward she should carefully consider whether this theory of negligence is supported by the law.").

 Federal Rule of Civil Procedure 8 provides in relevant part:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Under subsection (a)(2), the complaint must provide a *statement of the claim* which shows that the claimant is entitled to relief under a cognizable legal theory but under subsection (a)(3), the complaint must only provide *a demand* for the relief sought. This suggests that the facts underlying the claim for punitive damages need not be specifically pled.  This reading is further supported by Rule 54(c), which states that: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.  Every other final judgment should grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings*."  (emphasis added).

It thus makes little sense to require detailed factual allegations to support a demand for certain damages when such damages may ultimately be awarded even if they were never pled in the complaint. *See Scutieri v. Paige*, 808 F.2d 785, 790-93 (11th Cir. 1987) (general allegations of flagrant, wanton and willful conduct sufficient to sustain punitive damage demand); *Guillen v. Kuykendall*, 470 F.2d 745, 748 (5th Cir. 1972) (trial court erred in refusing to instruct the jury on punitive damages where the "complaint alleged malice and unwarranted excessive actions"); *Cowley v. Sunset Yacht Charters, Inc.*, No. 10-61928, 2011 U.S. Dist. LEXIS 80265, at *22-24 (S.D. Fla. July 21, 2011) (failure to plead punitive damages does not bar punitive damage award).

Of course, in circumstances where punitive damages appear to be a *legal impossibility* (as opposed to a *factual improbability*), it may be appropriate for the Court to strike a demand for punitive damages in order to narrow the issues and facilitate a speedy resolution of the action. *See* Fed. R. Civ. P. 1 (rules must be construed to do justice and secure speedy and inexpensive determination of every action and proceeding). Thus, in *Baker*, the district court understandably stuck the punitive damages demand because, under *Amtrak*, the prevailing law in the Eleventh Circuit at the time, punitive damages were not *legally* recoverable.  By contrast, punitive damages are now recoverable as a matter of law in personal injury actions arising under the federal courts' maritime jurisdiction.  The Court understands the defendant's desire to narrow the issues in this case at the earliest possible stage, but the facts as they develop in this case will alone determine whether the plaintiff is entitled to punitive damages.

Accordingly, the Court will deny the motion to dismiss or the alternative relief to strike the plaintiff's demand for punitive damages.  Naturally, this ruling does not prevent

the defendant from testing the sufficiency of the facts purportedly supporting the punitive damages theory in a summary judgment motion.

### III.     MOTION TO STRIKE INDIVIDUAL PARAGRAPHS

The defendant also moves to strike paragraphs 13, 14, 15, 16, 17, 33, 36, 40(A), 40(B), and 40(C).

Of these paragraphs, the defendant notes that paragraphs 13, 14, 15, 16, and 17 were not previously included in the plaintiff's prior complaint. The plaintiff was instructed to file a new complaint in order to allege punitive damages as a remedy rather than a separate cause of action. *See Doe*, 2011 U.S. Dist. LEXIS 146855, at *13 ("The plaintiff must re-plead punitive damages as a remedy (rather than a separate cause of action)."). Because the plaintiff continues to proceed on a single count of negligence, it was unnecessary to add these additional allegations. *See Johnson & Johnson v. Guidant Corp.*, No. 06 Civ. 7685, 2010 U.S. Dist. LEXIS 13936, at *30 (S.D.N.Y. Feb. 16, 2010) ("Plaintiff is free to advance refinements to its breach of contract claim at trial or in a summary judgment motion without amending the complaint to include superfluously detailed allegations."). Moreover, because the plaintiff already amended her complaint once as of right, she was required to seek leave from opposing counsel or the court before amending her complaint again. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court will grant the motion to strike the new allegations contained in paragraphs 13, 14, 15, 16, and 17.[1]

---

[1] The plaintiff added other allegations in her most recent complaint but the defendant did not move to strike *all* the new allegations. Accordingly, this order addresses only those new paragraphs which the defendant specifically asked the Court to strike.

10

The Court will deny the motion to strike with the respect to the remaining paragraphs: 33, 36, and 40(A), 40(B), and 40(C). The defendant argues that the Court should strike paragraphs 33 and 36 should because they seek to hold the defendant to a higher standard of care than what is required by law. In the Court's view, this is not an effective or efficient use of a motion to strike. If the defendant disagrees with the legal conclusions in the complaint, then it should simply deny them in its answer. The defendant may also seek a ruling at summary judgment or trial addressing the proper standard of care if the applicable standard is still at issue.

Finally, paragraphs 40(A), 40(B), and 40(C) concern the defendant's marketing and advertising practices and allege they constituted willful, wanton, and reckless behavior. The defendant argues that these allegations are improperly intended to set a lower standard of care and erroneously assume a legal duty of disclosure exists. As discussed above, the Court elected not to deal with the plaintiff's marketing/advertising theory of negligence at this stage of the litigation. Further factual development and additional briefing is warranted before passing on what appears to be a somewhat novel theory of liability. Consequently, the parties may wish to raise the feasibility of this claim in summary judgment motions. Once again, the defendant is free to deny any allegation in the complaint -- legal or factual -- that it disagrees with; but a motion to strike is not an efficacious means for passing on these important and somewhat novel legal questions.

## IV.   CONCLUSION

Royal Caribbean's motion to dismiss or to strike is **granted in part and denied in part**. **Paragraphs 13, 14, 15, 16, and 17** are hereby **stricken** from the complaint.

The motion is denied in all other respects. The defendant shall respond to the complaint within 7 days. In the interests of time, the plaintiff shall not file another amended complaint; the defendant's answer shall merely note "stricken" next to the above paragraphs and need not admit or deny the allegations contained therein.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 19th day of March, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record