UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-23323-CIV-GOODMAN

[CONSENT CASE]

SARAH DOE,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES,
LTD., a Liberian Corporation,

    Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS

This Cause is before the Court on Plaintiff's Motion to Compel Interrogatory Answers [ECF No. 43]. The Court has reviewed the motion and Defendant's response [ECF No. 47].

In their 1969-released song "All Together Now" from the soundtrack to their animated musical fantasy *Yellow Submarine* movie, The Beatles unknowingly provided the theory adopted by many litigants about the number of interrogatories they would like to propound:

> *One two three four*
>
> *Can I have a little more?*[1]

The remaining lyrics to this song do not reveal clearly whether The Beatles' request was granted, but both Federal Rule of Civil Procedure 33(a) and Southern District of Florida Local Rule 26.1(g) (by reference to Rule 33(a)) answer this question for litigants. These rules forbid a

---

[1] http:www.elyrics.net/read/b/beatles-lyrics/all-together-now-lyrics.html (last visited July 5, 2012); www.beatlesbible.com/songs/all-together-now (last visited July 5, 2012); http://en.wikipedia.org/wiki/Yellow_Submarine_(album) (last visited July 5, 2012).

party from propounding more than 25 interrogatories, including discrete subparts, without leave of court or written stipulation. Neither rule, however, defines "discrete subparts."

Many judges in this District use the "related question" test to determine if interrogatory subparts should be separately counted as discrete interrogatories. *E.g.*, *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, No. 07-61022-CIV-Cohn/Seltzer, 2008 WL 4194810, at *1 (S.D. Fla. Sept. 11, 2008). But determining whether a subpart to an interrogatory is "discrete" enough to count as a separate interrogatory "can be a difficult task." *Id.*

The related question test provides that subparts are not discrete if they are "subsumed and necessarily related to the primary question." *Oliver v. City of Orlando*, No. 6:06–cv–1671–Orl–31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007). As summarized by the *Calderon* Court, the following types of interrogatories have been deemed not to be discrete, and therefore constitute one interrogatory: (1) questions about persons with knowledge and the subject matter of their knowledge; (2) questions about prior lawsuits, the nature of the cause of action, the parties, the court in which the lawsuit was filed, and the date filed; (3) questions about witness statements, by and to whom made, when made, and the substance and context of the statements; (4) questions about persons with documentary evidence in their possession, custody and control, what documents they have, the location of the documents, and when the documents were prepared; (5) questions about expert witnesses, their addresses, qualifications, subject matter of their testimony, and grounds for their opinions; (6) questions about damages, when the damages occurred, to whom expenses were paid; and (7) questions about lost income, benefits, or earning capacity, the nature of each loss, and how the loss was computed. 2008 WL 4194810, at *1.

In the instant case, Plaintiff propounded what she deemed to be 10 interrogatories. Defendant interposed objections to all of them and did not provide any substantive responses.

For many of the interrogatories, Defendant objected because it argued that the number of interrogatories exceeded the maximum.

A review of Plaintiff's interrogatories demonstrates that the so-called subparts are often not, in fact, related to the primary question, despite superficially appearing as such because Plaintiff labels them as subparts. For example, in interrogatory 2 Plaintiff's primary question asks about the existence of fourteen separate types of actual or threatened crimes and assaults (ranging from murder to drunk and disorderly conduct in a public area) and then asks thirteen subpart questions, seeking substantive information about each actual or threatened crime or event, ranging from the name of the ship, the deck number (and specific location aboard the ship), to the addresses of all witnesses and whether the victim and/or perpetrators were under the influence of alcohol.

Interrogatories 4 and 6 contain similar subparts. Interrogatory 4 requests information ranging from the Defendant's "full factual understanding" of the nature and extent of any shipboard injuries to passengers along with the role of alcohol in the incident causing the injury. Interrogatory 6 demands the names of all employees responsible for overseeing official communications by the Defendant to the public about attempted or threatened violence as well as the deployment of security cameras on the vessels.

There are other illustrations of similar subparts in the interrogatories but the Court need not outline them here because the total number of interrogatories is well in excess of the maximum 25 (because most of the subparts are discrete and cannot be included as a subpart to the interrogatory to which it purportedly relates). *See IOSTAR Corp. v. Stuart,* No. 1:07 CV 133 DB, 2008 WL 1924209, at *2 (D. Utah Apr. 25, 2008) (explaining that the interrogatories "suffer from the understandable but overwhelming attempt to be exhaustive" and noting that "[n]o

attorney wants to ask for less than 'all' evidence, but a search for minutiae is an excessive burden.").

Because Plaintiff's interrogatories, when correctly counted by including discrete questions labeled as subparts, exceed the maximum allowed by the rules, and because Plaintiff did not obtain consent or court permission to propound an excessive number of interrogatories, Defendant's objection is well-taken. The Court therefore denies Plaintiff's motion to compel without prejudice. Plaintiff may propound a revised round of interrogatories consistent with (1) the federal and local rules governing the maximum number, and (2) the related question test used to analyze subparts.

In an effort to avoid further discovery disputes about the inevitable revised set of interrogatories, the Court makes the following rulings and observations:

(1) The mere fact that documents or information might not necessarily be admissible at trial does not automatically mean that the information and documents are not discoverable.

(2) Discovery seeking information about *all* crimes is overly broad. The discovery needs to be limited, in general, to the type of violent criminal activity at issue in the lawsuit. Thus, discovery about other on-board crimes such as murders, rapes, assaults and batteries would be permissible – if otherwise properly limited – but discovery about other criminal or unlawful activities on Defendant's cruise ships, such as pickpocketing, shoplifting, theft, fraud, creating a nuisance or public disturbance would not be permissible.

(3) Discovery concerning other Royal Caribbean Cruises, Ltd. ships might be permissible but discovery concerning ships owned by *other* entities would not be permissible unless the two companies had common management.

(4) Discovery about *crewmember* assaults, as opposed to assaults and violent behavior by fellow *passengers*, is not permissible.

(5) Discovery about prior incidents of passenger-inflicted assaults or violent acts is not permissible if it seeks information about events that occurred more than five years ago.

(6) The Court rejects Defendant's argument that discovery about similar, prior acts is impermissible if it concerns vessels which are "configured differently" than the vessel at issue.

Federal Rule of Civil Procedure 37 requires the Court to award attorney's fees as a cost-shifting mechanism to the prevailing party, Defendant here, in the absence of limited exceptions. The Court finds that none of these limited exceptions apply here and concludes that a cost-shifting fees award is appropriate. The Court is itself an expert on fees. With these factors in mind, the Court **AWARDS** the Defendant **$350.00** in fees, to be paid by Plaintiff's attorney, not Plaintiff, **within seven days** of the entry of this Order. Plaintiff's attorney may not directly or indirectly pass on the $350.00 cost for attorney's fees to Plaintiff. If Plaintiff's attorney believes that a fees award is legally unavailable under the specific circumstances or that the amount is excessive, then he may file a motion within **5 days** of entry of this Order and the Court will

schedule an evidentiary hearing.[2]

**DONE AND ORDERED** in Chambers, Miami, Florida, this 6th day of July, 2012.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record

---

[2] This $350.00 award is not a disciplinary "sanction." Instead, it is simply an order implementing the presumptively mandatory cost-shifting mechanism of Federal Rule of Civil Procedure 37. Therefore, this Order would not require counsel to answer "yes" if asked (by an insurance carrier, a judicial selection panel, a prospective employer or others) if a court has ever disciplined or sanctioned him.